UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO.: 9:21-CV-80323

15TH JUDICIAL CIRCUIT
Court Case No.: 502020CA012897XXXXMB

MARA VAKNIN,

        Plaintiff,

v.

TARGET CORPORATION,

        Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL WITH INCORPORATED MEMORANDUM OF LAW

Defendant/Petitioner TARGET CORPORATION ("TARGET"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§1332, 1441, 1446, Fed. R. Civ. P. 81(c), respectfully petitions this Court for removal of the above-captioned action from the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida to the United States District Court for the Southern District of Florida, Palm Beach Division [Ex. 1: Civil Cover Sheet]. In support thereof, TARGET states as follows:

1. Plaintiff filed this state court action styled *Mara Vaknin v. Target Corporation*, Case No.: 50-2020-CA012897 in the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, on November 20, 2020 alleging personal injuries as a result of a pile of mirrors collapsing and multiple mirrors falling on Plaintiff at the Lake Worth Target store on August 7, 2020. TARGET was served with the Complaint on December 2, 2020. [Ex.2: Summons/Complaint: ¶6]

2. On December 18, 2020, TARGET filed its Answer and Affirmative Defenses to VAKNIN'S Complaint. [Ex. 3: Target Answer]

3. MARA VAKNIN ("VAKNIN") is a resident of the State of Florida. VAKNIN is a citizen of the state of Florida [Ex.2: ¶2].

4. TARGET is a foreign corporation incorporated in Minnesota with its principle place of business in Minnesota. TARGET is a citizen of the state of Minnesota [Ex.3: ¶3].

5. The Complaint alleges that as a result of the pile of mirrors collapsing, multiple mirrors fell on to VAKNIN causing a deep gash on her left calf with VAKNIN bleeding profusely. [Ex. 2: ¶6]:

6. As to her damages, paragraph 9 of the Complaint states as follows:

> The dangerous and hazardous condition caused VAKNIN to sustain severe and permanent bodily injury, pain and suffering, expenses of medical treatment and care, disability, disfigurement, mental anguish and out of pocket expenses, along with the inability to perform many activities of daily living. [Ex.2]

7. Paragraph 14 of the Complaint further sets forth the damages VAKNIN is seeking and states as follows:

> VAKNIN'S damages include, but are not limited to, permanent severe bodily injury, pain and suffering, expenses of past and future medical treatment, disability, disfigurement, mental anguish, out of pocket expenses and other economic and non-economic damages. [Ex. 2]

8. VAKNIN'S Complaint seeks damages in excess of Thirty Thousand Dollars ($30,000.00).

9. In an effort to confirm VAKNIN'S damages and the "amount in controversy" herein, TARGET propounded written discovery by way of Interrogatories, Request for Admissions, and Requests for Production.

10. On February 4, 2021, VAKNIN responded to TARGET'S Request for Admissions unambiguously and unequivocally stating as follows:

>Request Number 1:
>You are not seeking damages in excess of $75,000.00, exclusive of interest and costs, in this matter.
>Response:  Plaintiff denies Request No 1 as the amount of damages will be decided by the jury.
>
>Request Number 2:
>You will not stipulate that your damage claim is less than $75,000.00, exclusive of interest and costs, in this matter.
>Response:  Admit
>
>Request Number 3:
>Your damages including past medical bills, future medical treatment, past pain and suffering and future pain and suffering exceed $75,000.00.
>Response:  Denied as to past medical bills, unknown as future medical bills, admitted to past and future pain and suffering.
>
>Request Number 4:
>Your total damages including past medical bills, future medical treatment, past pain and suffering and future pain and suffering do not exceed $75,000.
>Response:  Denied.  See response to Request to Admit No. 1.

[Ex. 4: Target's RFA and Plt's Response to RFA]

11. In her Answer to Interrogatory Number 10 (verified on February 9, 2021), VAKNIN confirms the nature and extent of the injury which she relates to the incident at Target stating as follows:

>As a result of the subject incident, I suffered a deep gash on my left calf and resulting scarring which is permanent.  I also developed an infection in that area which required an emergency visit to the Emergency Center in Lake Worth.

In support of her verified Interrogatory Answers, VAKNIN produced back-up Visit Summaries for the treatment she received by Emergency Center in Lake Worth along with 8 photographs depicting close-up visualizations of her wound and immobilization and bracing of her left calf. [Ex. 5: Plt's Interrog. Ans. and Resp. to RFP].

12. On February 10, 2021, VAKNIN'S Counsel advised that VAKNIN will be seeking a consult with a plastic surgeon for scar revision.

13. The amount of damages suffered by a plaintiff in a personal injury case are uniquely within the knowledge of the claimant." *Sunrise Mills limited Partnership v. Adams*, 688 So.2d 464 (Fla. 4th DCA 1997). A defendant may propound Requests for Admissions to require Plaintiff to be specific about the value of her claim in order to determine the jurisdictional amount for purposes for removal. *Morock v. Chautauqua Airlines, Inc.*, 2007 WL 1725232, (M.D. Fla. 2007). Based upon VAKNIN'S unequivocal and unambiguous Responses to TARGET'S Requests for Admissions that she is seeking damages in excess of $75,000 along with the allegations in her Complaint, VAKNIN'S Interrogatory Answers confirming the extent of her injuries and that her scar is permanent, and VAKNIN'S Response to Request for Production, the amount in controversy is satisfied.

14. TARGET'S Notice of Removal has been filed within 30 days of receipt of VAKNIN'S Response to TARGET'S Request for Admissions pursuant to the "other paper provision" of 28 U.S.C. §1446.

15. Venue is proper in the Palm Beach Division of this Court pursuant to 28 U.S.C. §1446 as the state court action originated in Palm Beach County.

16. Copies of all process, pleadings and other papers filed in the State Court proceedings have been filed with the Court as required by 28 U.S.C. §1446 (a). Copies of these documents are attached as composite Exhibit 6.

17. TARGET has filed the removal fee contemporaneously with its Removal Petition.

18. Pursuant to 28 U.S.C. §1446(d), TARGET has provided written notice of the removal of the State Court Action to VAKNIN'S counsel and has filed a Notice of Filing this Notice of Removal with the State Court. A true and correct copy of the Notice of Filing Target's Notice of Removal is attached hereto as Exhibit 7.

## **MEMORANDUM OF LAW**

19.     As a predicate for removal, a removing defendant must demonstrate that the district court has original jurisdiction of the action pending in state court. *Leonard v. Kern,* 651 F. Supp. 263 (S.D. Fla. 1986). The burden is on the party requesting removal to federal court to show that it has met all of the applicable statutory requirements. *Wright v. Continental Casualty Co.,* 456 F. Sup. 1075, (N.D. Fla. 1978). A defendant may introduce its own affidavits, declarations or other documentation to meet its burden. *Pretka v. Kolter City Plaza II,* 608 F. 3d 744 (11th Cir. 2010).

20.     Based upon the removal evidence, including VAKNIN'S Complaint, VAKNIN'S Responses to TARGET'S Request for Admissions admitting that her damages exceed $75,000, VAKNIN'S Interrogatory Answers and Responses to Request for Production, along with photographs depicting the severity of her wound and that VAKNIN is to undergo a consult for scar revision demonstrates that TARGET has met its burden and has fully complied with the statutory requirements for removal of this matter to Federal Court. *See: Taylor v. Tractor Supply Co*., 2014 WL 5473558 (M.D. Fla. 2014)

21.     Removal herein is proper based on diversity jurisdiction in accordance with 28 U.S.C. §1332 and 28 U.S.C. §1441(a). Complete diversity exists between VAKNIN (Florida) and TARGET (Minnesota) and the amount in controversy exceeds $75,000.00. The Court possesses jurisdiction over this matter. *Strawbridge v. Curtis*, 7 U.S. 267 (1806).

22.     Where, as here, VAKNIN has not plead a specific damage amount in her Complaint, TARGET must prove by "a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000 jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F. 3d 1353, 1357 (11th Cir. 1996). A removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *Pretka*

*v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010). A defendant's removal petition need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions nor prove the amount. *See: Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. St. 547 (2014); *Schaefer v. Seattle Service Bureau, Inc.*, 2015 WL 6746614, (M.D. Fla. 2015). District courts are permitted to make reasonable deductions, reasonable inferences, and other reasonable extrapolations from the documents submitted in support of the removal and the Court may use its judicial experience and common sense in determining if a case meets the federal jurisdiction requirements. *See Roe v. Michelin North America, Inc.*, 613 F.3d 1058 (11th Cir. 2010). The removal evidence herein demonstrates by a preponderance of the evidence that TARGET has met its burden as the amount-in-controversy in this matter exceeds the $75,000.00 threshold for invoking federal jurisdiction.

23.     VAKNIN alleges that TARGET is responsible for her personal injuries and seeks damages arising from the August 7, 2020 incident. Per her discovery responses, VAKNIN sets forth in detail the injuries which she relates to the incident at Target. VAKNIN claims "severe and permanent injuries" including a permanent scar to which she is seeking a consult for scar revision surgery.

24.     Although her future surgery has yet to occur, it is reasonable to conclude that at a minimum, future treatment by way of surgery substantiates VAKNIN'S non-economic damage claim for pain and suffering along with the likelihood that she will incur additional damages in the future. *Farley v. Variety Wholesalers, Inc.*, 2013 U.S. Dist. LEXIS 57740 (M.D. Fla. 2014). Given the permanent nature of VAKNIN'S scar and disfigurement coupled with VAKNIN'S admission that her damages for past and future pain and suffering exceeds $75,000, the assertion that a scar revision surgery is a consideration for the next step in treatment is fair and reasonable; as such,

VAKNIN'S future damages must be taken into consideration in evaluating the amount in controversy herein. *See: Farley.*

25.  In evaluating the amount in controversy for purposes of jurisdiction, what is actually recoverable is irrelevant; instead, it is the amount Plaintiff is seeking, and therefore putting in controversy, that is determinative. *Mullen v. GE*, 2013 U.S. Dist. LEXIS 19676 (M.D. Fla. 2013). "The pertinent question is what is in controversy in the case, not how much the plaintiff is ultimately likely to recover." *Id.* (emphasis contained within body of opinion).

26.  As in *Mullen*, the removal evidence demonstrates that VAKNIN has made it clear she is seeking damages in excess of $75,000. VAKNIN'S Complaint seeks damages in excess of $30,000.00. VAKNIN seeks damages for "permanent severe bodily injury, pain and suffering, expenses of past and future medical treatment, disability, disfigurement, mental anguish, out of pocket expenses, and other economic and non-economic damages." VAKNIN'S Interrogatory Answers and Response to Request for Production back-up her claimed injuries which she relates to the incident at Target. VAKNIN responded to TARGET'S Request for Admissions confirming she is seeking damages in excess of $75,000.00. If VAKNIN was seeking less than $75,000 in damages, she would have admitted that fact in response to TARGET'S Request for Admissions. As in *Mullen*, VAKNIN has answered the "pertinent question" and has placed more than $75,000 in controversy. Removal is proper.

27.  Based upon on all of the foregoing, the amount in controversy in this matter is clearly in excess of the jurisdictional threshold limit of $75,000.00.

28.  A removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010). A removing defendant need only show that the amount in controversy more likely

than not exceeds the jurisdictional requirement. *Roe v. Michelin North America, Inc.*, 613 F.3d 1058 (11th Cir. 2010). Based on the foregoing, removal of this matter is proper; TARGET has demonstrated by a preponderance of the evidence, that the amount in controversy herein exceeds the jurisdictional requirement set forth in 28 U.S.C. §1332.

## **CONCLUSION**

29.     This action is removable to federal court pursuant to 28 U.S.C. §1332 because there is diversity of citizenship between the parties and the amount in controversy exceeds the $75,000.00 threshold for federal jurisdiction. VAKNIN is a citizen of the State of Florida and TARGET is a Minnesota corporation. Diversity jurisdiction exists pursuant to 28 U.S.C. §1332, as there is complete diversity between VAKNIN and TARGET. *Strawbridge v. Curtis*, 7 U.S. 267 (1806).

WHEREFORE, Defendant/Petitioner, TARGET CORPRATION, respectfully requests this action, which is currently pending in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, be removed to this Honorable Court, that this Court assume full jurisdiction over the cause herein as provided by law, and that the Court grant further relief which is deemed just and appropriate.

[CERTIFICATE OF SERVICE ON FOLLOWING PAGE]

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on the 12th day of February, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

            DERREVERE STEVENS BLACK & COZAD
            2005 Vista Parkway, Suite 210
            West Palm Beach, Florida  33411
            Telephone: (561) 684-3222
            Facsimile:  (561) 640-3050
            Email:  jdd@derreverelaw.com

            BY: */s/ Jon D. Derrevere*
            JON D. DERREVERE, ESQUIRE
            Florida Bar No: 0330132

## SERVICE LIST

### MARA VAKNIN versus Target Corporation

### United States District Court, Southern District of Florida

| | |
|---|---|
| Jon D. Derrevere, Esquire | Gary S. Rosner, Esquire |
| E-mail: jdd@derreverelaw.com | E-mail: grosner@ritterchusid.com |
| Derrevere Stevens Black & Cozad | Ritter Chusid, LLP |
| 2005 Vista Parkway, Suite 210 | 5850 Coral Ridge Drive, Ste. 201 |
| West Palm Beach, FL 33411 | Coral Springs, FL 33076 |
| Phone: (561) 684-3222 | Phone: (954) 640-2200 |
| Facsimile: (561) 640-3050 | Facsimile: (954) 340-2210 |
| *Attorney for Defendant, Target Corporation* | *Attorney for Plaintiff, Mara Vaknin* |